UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-mj-8275-WM

UNITED STATES OF AMERICA

v.

UBALDO GARCIA-AVILA,

Defendant.
_____/

FILED BY ___SW___ D.C.
May 20, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? ☐ Yes ☑ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

BY: /s/ Katie Sadlo
KATIE SADLO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.    1026417
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:    (561) 209-1043
Fax:    (561) 805-9846
Email:  Katie.Sadlo@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY _____SW_____ D.C.
May 20, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| UBALDO GARCIA-AVILA, | ) | Case No. 25-mj-8275-WM |
|  | ) | |
|  | ) | |
|  | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 17, 2025__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Re-entry After Deportation or Removal. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Deportation Officer Andy Korzen, ICE
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: May 20, 2025

_____
*Judge's signature*

City and state:  West Palm Beach, FL     William Matthewman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT
# OF
# ANDY KORZEN
## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION AND CUSTOMS ENFORCEMENT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over twenty-one years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Ubaldo GARCIA-AVILA committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a).

3. On or about May 17, 2025, Ubaldo GARCIA-AVILA was arrested in Palm Beach County, Florida on charges of driving under the influence and driving without a driver's license. He was booked and detained at the Palm Beach County Jail.

4. A review of the immigration records shows that Ubaldo GARCIA-AVILA is a native and citizen of Mexico. Records further show that on or about October 9, 2003, Ubaldo GARCIA-AVILA was ordered removed from the United States. The Order of Removal was executed on the same day, that is on or about October 9, 2003, whereby Ubaldo GARCIA-AVILA was removed from the United States and returned to Mexico.

5. Ubaldo GARCIA-AVILA's fingerprints taken in connection with his May 17, 2025, arrest in Palm Beach County were scanned into the IAFIS system. Results confirmed that the scanned fingerprints belong to the individual who was previously removed from the United States, that is Ubaldo GARCIA-AVILA.

6. A record check was performed in the Computer Linked Application Informational Management System to determine if Ubaldo GARCIA-AVILA filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Ubaldo GARCIA-AVILA obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

7.  Based on the foregoing, I submit that probable cause exists to believe that, on or about May 17, 2025, Ubaldo GARCIA-AVILA, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this __20th__ day of May 2025.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   UBALDO GARCIA-AVILA

**Case No**:   25-mj-8275-WM

Count #: 1

Illegal Re-entry After Deportation or Removal

8 U.S.C. § 1326(a)
* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 1 year
* **Max. Fine:**  $250,000
* **Special Assessment**: $100

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.